UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARVELL LLOYD,

        Defendant.

_____/

Case No. 04-80939

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

On November 23, 2004, Defendant was charged in an indictment with two counts of conspiracy to distribute a controlled substance, 21 U.S.C. § 846; two counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a); and aiding and abetting 18 U.S.C. § 2. This matter comes before the Court on Defendant's motion to suppress the evidence seized during a November 2, 2005 search of the premises located at 3919 Mitchell, Detroit, Michigan. For the reasons stated below, Defendant's motion is DENIED. The search warrant was supported by probable cause because the information provided in its supporting affidavit was provided by two credible and reliable confidential informants.

**I.     Facts**

On November 2, 2004, the Detroit Police Department ("DPD") secured a warrant to search the premises located at 3919/3921 Mitchell, Detroit, Michigan. The search warrant Affidavit provided that (1) in August 2004, SOI (Source Of Information) #2159 contacted the Affiant Carmen Diaz, a Narcotics Enforcement officer working for the DPD, and stated

that an upper level cocaine dealer known as Marvell ("S1" in the affidavit and "Defendant" in the indictment) distributes cocaine on the east side of Detroit (Affidavit for Search Warrant at 2); (2) SOI #2159 is a credible and reliable informant because on at least ten prior occasions, he has provided the Affiant with narcotic-related information that proved to be true and accurate because it led to more than six arrests and confiscations of more than 1,000 grams of cocaine and marijuana (*id.*); (3) after receiving information from SOI #2159, SOI #2201 contacted the Affiant and stated that he observed Marvell with cocaine and driving several different vehicles away from 3919 Mitchell within forty-five hours of the date of the Affidavit (*id.*); (4) SOI #2201 also observed persons carrying loaded duffel bags around 3919 Mitchell (*id.*); (5) the information provided by SOI #2201 is true and accurate because SOI #2201 has provided  the Affiant with narcotic-related information in regards to at least three upper level drug dealers, which was corroborated by the Affiant's investigations (*id.*); (6) the Affiant conducted surveillance of 3919 Mitchell on October 24, 30, 31 and November 1, and, on these dates, observed Marvell at 3919 Mitchell driving four different vehicles that were registered in other people's names in order "to avoid detection and forfeiture from Law Enforcement agencies...a common practice for drug dealers" (*id.* at 2-3); (7) on October 24, the Affiant observed "two separate vehicles pull in front of the location stay less than five minutes, and immediately exit as clutching their hand inside the jacket pocket and the other in their pants pocket" (*id.*); (8) on October 21, 2004, Affiant set up additional surveillance at 19285 Rockcastle, Detroit, Michigan and observed Marvell leaving this location and wearing a bulky fur coat, a "common practice for drug dealers to...assist them in the concealment of contraband" (*id.* at 4); (9) Affiant followed behind Marvell, who drove very cautiously and took indirect travel routes "to avoid being tailed"

2

back to 3919 Mitchell (*id.*); (10) after arriving at 3919 Mitchell, Marvell nodded to a driver in a minivan that was parked outside the house and, soon thereafter, a black male "holding a bulge in his jacket pockets" exited the house and entered the same minivan, which then drove away (*id.*); (11) three minutes later, Marvell exited 3919 Mitchell and "plac[ed] what Affiant believed to be US currency in his coat pocket" (*id.*); (12) also on October 21, 2004, and prior to Marvell's return to 3919 Mitchell from 19285 Rockcastle, DPD crew members observed two black males ("S2" and "S3" in the affidavit) driving up to 3919 Mitchell in the same vehicle (*id.*); (13) S3 opened the house with his key and entered with S2, who left after seven minutes (*id.*); (14) DPD crew members then observed an unknown individual knocking on the door to 3919 Mitchell, S3 letting him in, and the individual leaving two minutes later (*id.*); (15) a second unknown individual repeated these activities (see 14) within a thirty minute time period after S2's departure (*id.*); (16) Marvell is not employed and "doesn't have the [legitimate] financial means to support his assets or living conditions" (*Id.* at 3); and (17) based on the above observations, and in light of the Affiant officer's training and experience, Affiant had probable cause to believe that narcotics would be found at 3919 Mitchell, Detroit, Michigan. (*id.*)  On the basis of this Affidavit, a state court magistrate issued a search warrant.

On November 2, 2004, the same day the search warrant was issued, police officers entered the house located at 3919 Mitchell and immediately saw Defendant sitting on a couch with a 9mm semiautomatic firearm laying near him.  (Gov't Resp. at 1.)  After the premises were secured, the officers seized approximately nine kilograms of powder cocaine, approximately 100 grams of cocaine base, narcotics paraphernalia (e.g., a heat

sealer and baggies), and a black gun box containing three loaded weapons that was positioned about one foot from Defendant.  (*Id.*)

## II.  Analysis

Defendant seeks to suppress the evidence seized during the November 2, 2004 search, arguing that the affidavit was insufficient to establish probable cause.  Specifically, Defendant argues that (1) the affidavit failed to establish that SOI #2201 is a known and reliable informant (Def. Br. at 1-2) and (2) "neither the SOI nor the Affiant made any first hand observations of narcotics in or around" the house at 3919 Mitchell; therefore, the Affidavit is "devoid of any observations of criminality." (*id.* at 2.)  The Government responds that the evidence seized should not be suppressed because (1) SOI #2201 is a known informant who provided reliable information (Gov't Resp. at 5-8); (2) the Affiant independently corroborated SOI #2201's reliability (*id.* at 8-10); and (3) the searching officers relied in good faith upon the magistrate's determination that probable cause existed. (*Id.* at 10-11.)  For the reasons stated more fully below, this Court concludes that because the information in the affidavit was provided by a known and reliable informant, the search warrant was supported by probable cause.

### A.  Probable Cause

In order to determine if the affidavit established probable cause, the Court must look to the totality of the circumstances, including the veracity and basis of knowledge of persons supplying hearsay information.  *See Illinois v. Gates*, 462 U.S. 213 (1983).  "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed.'" *United States v. Laughton*, ___F.3d___, ___, 05 WL 1281867, *2 (6th Cir. 2005) (quoting *Gates,* 462 U.S. at 238-39).   The

4

magistrate's determination of probable cause is afforded great deference and is not set aside unless the Court finds that the magistrate's discretion was arbitrarily exercised. *United States v. Allen*, 211 F.3d 970, 973 (2000)(*en banc*).  "[T]he task of the issuing magistrate is 'simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him,...there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Laughton*, ___F.3d at ___, 05  WL 1281867, *2 (quoting *Gates,* 462 U.S. at 238).  In other words, the affidavit must indicate a nexus between the place to be searched and the evidence sought.  *Id.* (quoting *United States v. Van Shutters,* 163 F3d. 331, 336 (6th Cir. 1998)).  This nexus may be established by the nature of the items and normal inferences of where a person would keep such items.  *See United States v. Rosenbarger*, 536 F.2d 715, 719 (6th Cir. 1976).  For example, a firearm is the type of evidence likely to be kept in one's home.  *See United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993).  In addition, known drug dealers are likely to keep drugs in their homes.  *See United States v. Missouri*, 644 F. Supp. 108, 111 (E.D. Mich. 1986).  Further, where there is probable cause to believe that an individual has committed a crime, it is likely that his home contains evidence of the crime.  *See Jones*, 994 F.2d at 1055-56.

Information from a known and reliable informant is sufficient to establish probable cause, even in the absence of independent corroboration from police.  *Allen*, 211 F.3d at 976.  "In order for a confidential informant to be deemed 'known,' the affidavit must acknowledge that the police know the informant's identity or that the identity has been disclosed under oath to the issuing judge.  *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005).  When evaluating the reliability of an informant, the factors considered include the

5

informant's credibility, reliability, and basis of knowledge. *Gates*, 462 U.S. at 230; *Allen*, 211 F.3d at 972-73. These three factors, however, should not be evaluated as "entirely separate and independent requirements [that are] to be rigidly exacted in every case." *Gates*, 462 U.S. at 230. A deficiency in one factor may be offset by a strong showing as to another. *Id.* "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001).

> **1.     SOI #2201 is a known and reliable informant**.

Defendant argues that the items seized during the November 2, 2004 search should be suppressed because the supporting affidavit failed to establish the that SOI #2201 is a known and reliable informant. Defendant is mistaken.

SOI #2201 is a known informant because the affidavit states that "this SOI has provided affiant with narcotic related information, which proved to be true and accurate in regards to at least three upper level drug dealers..." (Affidavit for Search Warrant at 2.) In *United States v. May*, the Sixth Circuit recently held that similar language was sufficient to establish the "known" prong of a known and confidential informant. 399 F.3d at 824. The *May* court reasoned:

> even though the identity of the confidential informant was not disclosed by
> Officer Allen in his affidavit or under oath--leading the district court to
> correctly conclude that "Officer Allen failed to 'name' Benji Brown to the
> common pleas judge"--this does not compel the conclusion advanced by
> May that Officer Allen's confidential informant was an "anonymous source"
> whose statements required independent corroboration.

*Id.* Like the informant in *May*, SOI #2201 is not an anonymous informant "in the sense referred to in cases where the identity of the informant is known to no one." *Id. See e.g.*

6

*Gates,* 462 U.S. at 241 (holding that an individual who sends an anonymous letter to the police is not a known informant).  Therefore, consistent with *May*, SOI #2201 is a known informant.  *Id.*

Defendant argues that SOI #2201 is not a reliable informant because the instant affidavit alleges a less reliable informant than the affidavit in *United States v. Allen.* Defendant is correct that *Allen* governs this case; however, the instant affidavit alleges a *more* reliable informant than in *Allen.*   In *United States v. Allen*, the Sixth Circuit held that the confidential informant was reliable on the basis of an affidavit that stated:

> I Gary Lomenick received information from an informant, a responsible and credible citizen of the county and state, who I know to be a responsible and credible citizen because, I have known said informant for 5 years and said informant has given me information about individuals involved in criminal activity in the past that has proven to be reliable[.] [The] informant advised me that said informant was on the premises of the [defendant] located at 910 North Market Street...and while there saw Cocaine in possession of the [defendant.]

211 F.3d at 971.  As in *Allen,* the information alleged in the affidavit was "of direct personal observation of criminal activity."  *Id.* at 976.  In addition, with respect to SOI #2201's reliability from past performance, the instant affidavit attests to SOI #2201's past performance in greater detail than the affidavit in *Allen.*[1]  Unlike the affidavit in *Allen*, the

---

[1]On this point, Defendant contends that SOI #2201's past performance as an informant cannot establish reliability because the affidavit did not state that it led to any "arrests, searches, seizures, or convictions."  (Def. Br. at 5.)  Defendant's cited authority (i.e. *Woosley,* 361 F.3d at 927 and *United States v. Seta*, 669 F.2d 400, 403 (6th Cir. 1982)) does not support this legal proposition.  Although courts have recognized that this type of past performance establishes reliability (*see generally* Wayne LaFave, Search and Seizure, § 3.3(b) (3d ed. 1996)), an informant's past performance that does not lead to arrests, searches, or seizures does not preclude reliability.  See *May,* 399 F.3d at 822 (holding that the informant was reliable "because the source has furnished information to the MVDTF and [Officer Allen] for a period of six months and has worked with [Officer Allen] in the investigation of this matter. The information and assistance provided by the cooperating source has been corroborated by independent investigation by the MVDTF and [Officer Allen]. The cooperating source has provided assistance in unrelated drug investigation cases").

instant affidavit stated that SOI #2201's past performance was corroborated by Affiant's past investigations.  (Affidavit for Search Warrant at 2.)  Finally, with respect to the information that SOI #2201 provided Affiant in the instant case, SOI #2201's reliability was independently corroborated by SOI #2159[2] and Affiant's surveillance of 3919 Mitchell.  This corroborative information was not alleged in the affidavit in *Allen*.  211 F.3d at 971.  Therefore, the instant affidavit establishes that SOI #2201 is at least as reliable as the informant in *Allen.*

Defendant attempts to distinguish the instant case from *United States v. Woosley,* 361 F.3d 924 (6th Cir. 2004), because the affidavit did not explicitly state that SOI #2201 was inside the house at 3919 Mitchell and did not specifically describe the location and character of the illegal drugs.  (Def. Br. at 2, 5.)  First, the holdings in *Allen* and *Woosley* did not create a per se rule that an informant's observation of a defendant's house from an offsite location is unreliable.  In *Woosley,* to the extent that the informant's observations from inside the searched premises provided more detailed information about the location and character of the illegal drugs, this is merely one factor going to the informant's reliability, which is evaluated under the totality of the circumstances.  In the instant case, SOI #2201's offsite observation of illegal activities at 3919 Mitchell was independently corroborated by SOI #2159 and DPD surveillance, which increased SOI #2201's reliability just as much as the informant's specific observations from inside the searched premises in *Woosley.*  361 F.3d at 927.

> **2.      There is a nexus between the 3919 Mitchell house and the narcotics sought by the DPD.**

---

[2]Defendant does not contest that SOI #2159 is a known and reliable informant.

8

Defendant argues that the affidavit does not allege a sufficient nexus between narcotics and 3919 Mitchell, Detroit, Michigan.  (Def. Br. at 2)  This argument is without merit.  The affidavit stated that SOI #2201, a known and reliable informant, observed Defendant "at 3919 Mitchell with an amount of cocaine."  In addition, DPD surveillance of the exterior of the house located at 3919 Mitchell revealed activity that is consistent with illegal drug trafficking.  Based on these observations of the exterior of the 3919 Mitchell house, the magistrate was permitted to make a practical, common-sense inference that there was a fair probability that illegal drugs would be found inside the 3919 Mitchell house. *See Missouri*, 644 F. Supp. at 111; *Jones*, 994 F.2d at 1055-56.

In light of the above, the Court concludes that the challenged search warrant was supported by probable cause.  Accordingly, it is not necessary to address the Government's alternative argument that the "good faith" exception articulated in *United States v. Leon*, 468 U.S. 897 (1984).

## III.   Conclusion

For the foregoing reasons, Defendant's motion to suppress is DENIED.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  June 22, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager

9