UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 04-80939

v.                                        Honorable Nancy G. Edmunds

MARVELL B. LLOYD,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [78]**

On November 23, 2004, Defendant Marvell B. Lloyd was indicted on two counts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. (ECF No. 6.) Defendant pled guilty to those counts on October 25, 2005 and was subsequently sentenced to a total term of 135 months imprisonment to be followed by five years of supervised release. (ECF No. 39.) On April 16, 2015, this Court reduced Defendant's term of imprisonment to 120 months under 18 U.S.C. § 3582(c)(2) based upon a change in the guideline sentencing range that was made retroactive by the United States Sentencing Commission. (ECF No. 73.) Defendant was released from prison and began his term of supervised release on January 11, 2019. Before the Court is Defendant's Motion for Early Termination of Supervised release. (ECF No. 78.)

In support of his motion, Defendant states he has paid off all fines and costs, has had no contact with the police, and has reported as required to the probation department. Defendant further provides that he is employed and has been consistently employed

1

since his release from prison, with the exception of having to quit a job as a result of COVID-19. According to Defendant, his probation officer "has no objection" to the early termination of Defendant's term of supervised release.

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). The Court may terminate supervised release early, however, as long as one year of supervised release has expired and the Court is satisfied that early termination is warranted by a defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1). Additional factors the Court considers are the sentencing factors found at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). In most cases, early termination of supervised release is "proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant" a change of sentence. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks and citation omitted).

Here, Defendant has served slightly more than three years of the five-year term of supervised release imposed. Defendant states he has complied with the conditions of supervised release and maintained employment, but he presents no new or unforeseen circumstances that would warrant early termination of supervised release. The Court commends Defendant on his compliance with the conditions of supervised release, but such compliance is expected and does not constitute a "new or unforeseen circumstance." *See id.* Moreover, a fresh review of the record and sentencing materials leads this Court to the conclusion that Defendant's sentence was "sufficient, but not greater than necessary." *See id*. (quoting 18 U.S.C. § 3553(a))*.* Accordingly, there is no

need to modify the original term of supervised release imposed upon Defendant at sentencing. Defendant's motion is **DENIED**.

      **SO ORDERED**.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: April 13, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2022, by electronic and/or ordinary mail.

                                  s/Lisa Bartlett
                                  Case Manager